OPINION OF THE COURT
Cynthia S. Kern, J.
Respondent the Permanent Mission of Chile to the United Nations has brought the present motion to dismiss this holdover summary proceeding on the ground that it was not properly served pursuant to the Foreign Sovereign Immunities Act of 1976 (the FSIA). The issues before the court are whether respondent Mission waived the provisions in the FSIA regarding service of process and, if so, whether respondent was properly served pursuant to RPAPL 735. For the reasons stated below, the court finds that respondent did waive the service provisions of the FSIA and that it was properly served pursuant to RPAPL 735.
Respondent Mission entered into a lease with petitioner’s predecessor for possession of the leased premises for a term commencing January 1995 and expiring June 30, 2005. Upon expiration of the lease term, petitioner commenced the present holdover proceeding seeking possession of the premises by service of the petition and notice of petition pursuant to RPAPL 735. The petitioner left a copy of the petition and notice of petition with a receptionist at the Mission and then mailed a copy of the petition and notice of petition to the premises by first class and certified mail. Respondent Mission then brought the present motion to dismiss on the ground that it was not properly served pursuant to the FSIA.
The FSIA, 28 USC § 1608 (b) (1), provides that service on an agency or instrumentality of a foreign state may be made in certain specified ways, which are listed in the statute. Respondent Mission argues that the petition must be dismissed because it was not served in one of the specified ways listed in the FSIA. Petitioner argues that respondent has waived the service of process provisions of the FSIA pursuant to the express provisions of the lease. Section 9.3 of the lease, as amended by rider No. 51, provides as follows:
“Tenant, to the extent that it be otherwise entitled to assert or claim by any rights of immunity— *948 sovereign, diplomatic or otherwise—expressly waives all such claims and/or benefits and/or rights of immunity including, but not limited to, (a) rights of immunity and service of process provisions under the Foreign Sovereign Immunities Act of 1976, . . . or (ii) under any other applicable law, act, treaty, statute or regulation, in connection with Tenant’s covenants, obligations and liabilities to Landlord under this Lease.”
This court finds that respondent Mission has expressly and unambiguously waived the service of process requirements under the FSIA pursuant to the foregoing provision in the rider to the lease, which states that Mission waives the service of process provisions under the Foreign Sovereign Immunities Act of 1976.
The more difficult issue which the court must determine is whether the petitioner was entitled to serve the Mission pursuant to RPAPL 735 based on the Mission’s waiver of the service provisions of the FSIA. RPAPL 735 is the provision in the Real Property Actions and Proceedings Law which governs the service of process in summary proceedings. Section 735 clearly provides that service of the petition and notice of petition in a summary proceeding shall be made by personally delivering them to the respondent or by delivering them to a person of suitable age and discretion who is employed at the property sought to be recovered. Petitioner served the petition and notice of petition in the instant case by leaving them with a receptionist at the Mission. Section 735 also provides that, in addition to leaving the papers with a person of suitable age and discretion at the property sought to be recovered, the papers should be mailed to the respondent by registered or certified mail and by first class mail to the property sought to be recovered if the respondent is a natural person or is a “corporation, joint-stock or other unincorporated association” (RPAPL 735 [1] [a], [b]). In the instant case, petitioner did mail the papers to the property sought to be recovered by both first class and certified mail pursuant to RPAPL 735 (1) (b).
Respondent argues that it cannot be served pursuant to RPAPL 735 (1) (a) or (b) because it is not a natural person and is not a “corporation, joint-stock or other unincorporated association.” Initially, it is not disputed by either side that there is no method of service specified in either the RPAPL or the CPLR for service on a foreign mission. The only statute which specifically addresses how a foreign mission should be served is the FSIA. This court was also unable to find any cases which *949 address the issue of whether a foreign mission can be served pursuant to either RPAPL 735 or any provision of the CPLR where it has expressly waived any requirement that it be served pursuant to the provisions of the FSIA. Addressing this issue of first impression, this court holds that petitioner may serve respondent pursuant to RPAPL 735 even though section 735 only refers to mailing either to a natural person or a corporation, joint stock or other unincorporated association. Section 735 is the only section of the Real Property Actions and Proceedings Law which addresses the issue of the proper method of service in a summary proceeding. In reviewing the statutory language of RPAPL 735, it appears that the Legislature’s intent in enacting section 735 was to provide a method of serving a respondent in a summary proceeding by leaving the papers with a suitable person at the property sought to be recovered and by mailing the papers to the respondent at the property sought to be recovered, which is exactly what petitioner has done in the instant matter. Moreover, it would be a ludicrous result to find that respondent expressly waived the service provisions of the FSIA but that the petitioner is still required to serve respondent pursuant to the FSIA because there is no other proper method of service. Under these circumstances, the court finds that petitioner properly served respondent pursuant to RPAPL 735 by leaving the papers with a person employed at the property and mailing the papers to the property sought to be recovered.
Based on the foregoing, the motion to dismiss is denied.